# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

DEMARCUS RANTREZ ROBINSON,
ADC #150429                                                                                               PLAINTIFF

V.                                  5:17CV00299 JLH/JTR

SERENA LYNN MCCOY,
Disciplinary Serving Officer,
Delta Regional Unit, Arkansas Department of Correction            DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes.  Any party may file written objections to this Recommendation.  Objections must be specific and include the factual or legal basis for disagreeing with the Recommendation.  An objection to a factual finding must specifically identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  If no objections are filed, Judge Holmes can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

## I. Introduction

Demarcus Rantrez Robinson ("Robinson") is a prisoner in the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"). He has filed a *pro se* § 1983 Complaint and an Amended Complaint alleging that Defendant Disciplinary Serving Officer Serena Lynn McCoy ("McCoy") violated his constitutional rights. *Docs. 2 & 5.* Before Robinson may proceed with this case, the Court must screen his allegations.[1]

## II. Discussion

### A. Due Process Rights

Robinson alleges that, on or about September 26, 2017, McCoy violated his due process rights by failing to call his name to attend a disciplinary hearing and wrongfully recording that he waived his appearance at that hearing. As a result, Robinson did not attend the hearing, during which a non-party hearing officer found Robinson guilty of failing to report to work. *Doc. 5 at 6-11.* As punishment for that disciplinary conviction, Robinson lost his commissary, phone, and visitation

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

privileges for fifteen days. *Id.* Additionally, Robinson was not allowed to participate in a vocation training program, which was a prerequisite for him being considered for parole. *Id.*

Robinson was entitled to procedural due process during his prison disciplinary proceedings, *only* if he had a liberty interest at stake during that proceeding. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003). Robinson did *not* have a liberty interest in: (1) avoiding the temporary loss of his commissary, phone, and visitation privileges;[2] (2) participating in the vocation training program;[3] or (3) becoming eligible for parole.[4] Because Robinson did not have a liberty interest at stake during his September 26, 2017 disciplinary proceedings, he did not have a due process right to attend the hearing.

Robinson also alleges that McCoy violated ADC policy by failing to properly obtain his waiver of appearance at the disciplinary hearing. However, prisoners do not have a constitutional right to enforce compliance with internal prison rules or

---

[2] *Phillips,* 320 F.3d at 847*; Kennedy v. Blankenship,* 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996).

[3] *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir.1992); *Stewart v. Davies*, 954 F.2d 515, 516 (8th Cir.1992).

[4] *Greenholtz v. Neb. Penal & Corr. Complex*, 442 U.S. 1, 9-11 (1979); *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011).

regulations. *See Phillips*, 320 F.3d at 847; *Gardner v. Howard,* 109 F.3d 427, 430 (8th Cir. 1997).

Thus, the Court concludes that Robinson has failed to plead a viable § 1983 due process claim.

**B.    Retaliation Claim**

Robinson alleges that McCoy took these actions against him in retaliation for him naming her as Defendant in a previously filed lawsuit, *Robinson v. Payne*, 5:17CV00114.

A retaliatory discipline claim fails, as matter of law, if there is "some evidence the inmate actually committed a rule violation." *Sanders v. Hobbs*, 773 F.3d 186, 190 (8th Cir. 2014); *Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008). Importantly, a "report from a correctional officer, *even if disputed by the inmate and supported by no other evidence*, legally suffices as some evidence upon which to base a prison disciplinary violation, if the violation is found by an impartial decision maker." *Id.* (emphasis added).

On September 26, 2017, Disciplinary Hearing Officer Keith Waddle found Robinson guilty of failing to report for work based on a written report filed by Sergeant Bryan Hale. *Doc. 5 at 6-8*. Robinson and Hale were *not* Defendants in *Robinson v. Payne*, 5:17CV00114. Thus, Hale's report, which was found to be credible by Waddle, "legally suffices as some evidence" to support Robinson's

4

disciplinary conviction and preclude his retaliatory disciplinary claim. *See Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994) (explaining that a disciplinary decision made by an impartial decision maker and supported by some evidence "essentially checkmates" a retaliation claim).

Thus, the Court concludes that Robinson has failed to plead a viable retaliation claim.

C.  **Equal Protection Claim**

Robinson makes the conclusory allegation that McCoy committed an "equal protection violation for calling other inmates who were going to [disciplinary] court, and not calling me when we all had to go to [disciplinary] court."  *Doc. 5 at 4.*

Robinson does *not* allege that he is a "member of a protected class or that his fundamental rights" were violated.  *See Nolan v. Thompson*, 521 F.3d 983, 990 (8th Cir. 2008).  Thus, to state a viable "class of one" equal protection claim, Robinson must plead facts suggesting that: (1) McCoy intentionally treated him differently from similarly situated prisoners; and (2) there was no rational basis for the difference in treatment.  *Nolan,* 521 F.3d at 990; *Phillips*, 320 F.3d at 848. Robinson's single, conclusory sentence does not satisfy these requirements.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a viable § 1983 claim); *Nolan*, 521 F.3d at 990 (explaining that a "class-of-one

5

plaintiff" must provide "a special and detailed account" of how a defendant intentionally treated him differently from similarly situated others).

Thus, the Court concludes that Robinson has failed to plead a viable equal protection claim.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. This case be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted.

2. Dismissal be counted as a "STRIKE," pursuant to 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommendation would not be taken in good faith.

Dated this 20th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE